IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISSREAL SANCHEZ-ESPINOZA,<br><br>Defendant. | 8:15CR156<br><br>MEMORANDUM AND ORDER |

Before the court is defendant's motion alleging claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255, Filing No. 79. One of the claims raised by the defendant is whether he was advised of his right to appeal and whether he asked counsel to file a notice of appeal. In accordance with *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014), the court conducted a hearing on only the appeal issue on August 17, 2017. The government responded to the § 2255 motion, contending that counsel was not ineffective in this case. Filing Nos. 81 and 82. The court will now address all issues raised in this § 2255 motion.

**BACKGROUND**

On or about March 19, 2015, Defendant, Issreal Sanchez-Espinoza, a/k/a Luis Guillermo Sanchez Fraijo ("Sanchez-Espinoza"), was arrested pursuant to a criminal complaint charging him with conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Section 846. A federal grand jury returned an indictment charging Sanchez-Espinoza with conspiracy to distribute and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of Title 21, United States Code, Section 846. (Filing No. 33). Defendant pled

guilty to Count 1, Filing No. 66, and there was no plea agreement. In his petition to enter a guilty plea, defendant acknowledged that he faced a mandatory minimum of 10 years and up to life imprisonment. Filing No. 68, at 6. The Presentence Investigation Report indicated that the defendant was eligible for the safety valve. The advisory guideline range was 70-87 months, and this court sentenced defendant to 70 months. Filing No. 76. Defendant did not appeal. Defendant filed his § 2255 motion, and on August 16, 2016, this court conducted a hearing on the issue of his appeal rights. Retained counsel, Mr. Chinedu Igbokwe represented defendant at all relevant times.

In his motion, he asserts four grounds for relief: Ground One: counsel failed to keep him apprised of his case, he was not advised that by "signing the plea" that he "was giving up [his] appeal rights and most rights to collateral attack;" and that counsel had advised him he would get a lower sentence. (Filing No. 79, p. 5); Ground Two: he received "poor or ineffective legal counsel" when his criminal background was unfairly enhanced which prevented him from receiving safety valve relief. (*Id.* at CM/ECF p. 6); Ground Three: he received ineffective assistance when defense counsel failed to advise the District Court of his "personal excruciating circumstances." Sanchez-Espinoza states he is responsible for supporting his family who are also in the United States. Sanchez-Espinoza also asserts his counsel was ineffective for failing to get the "5K3.1 early disposition program EDP."; Ground Four: that due to his lack of knowledge of the laws and a language barrier, along with receiving ineffective assistance, he unknowingly forfeited his appeal rights by signing the plea with a waiver of those benefits. (Filing No. 79, CM/ECF p. 9). He also argues his attorney had promised to get him a sentence lower than 70 months. (*Id.*).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States,* 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison,* 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal of right). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the

proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States,* 595 F.3d at 852 (quoting *Alaniz v. United States,* 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States,* 600 F.3d 900, 906 (8th Cir. 2010) (quoting *Strickland,* 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v.*

3

*Van Hook,* 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King,* 595 F.3d at 853.

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault,* 598 F.3d 990, 996 (2010). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland.*" *Alaniz,* 351 F.3d at 368; *see also United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

A defendant must knowingly and voluntarily enter into the plea agreement for it to be valid. *United States v. Andis,* 333 F.3d 886, 890 (8th Cir. 2003). To ensure that a defendant knowingly and voluntarily enters into the plea agreement, the district court should "properly question [the] defendant about his or her decision to enter that agreement." *Andis,* 333 F.3d at 890-91. The record shows the court questioned defendant extensively about his plea to ensure that he understood what rights he was giving up. Defendant, during his plea hearing, also indicated he talked with his attorney, was satisfied with his attorney, and agreed he should plead guilty. Defendant indicated that he understood his plea and thereafter pled guilty.

4

a. The court agrees with the government that defendant's waiver argument fails. There was no plea agreement in this case. Thus, counsel did not advise the defendant to waive certain of rights as part of a plea agreement. This claim is without merit.

b. Next, as indicated by the court, defendant received a safety valve determination. This negates any claim of ineffective assistance because of an argued enhancement of his criminal history. Defendant had no criminal history. He received the safety valve. This argument has no merit. Defendant also claims his counsel said he would receive a lower sentence. The court gave him 70 months, which is clearly at the low end of the advisory guidelines and well below what would have been the mandatory minimum of 10 years. Even if counsel told defendant he might have received a lower than 70 month sentence, under these circumstances that does not show ineffective assistance. The Eighth Circuit has stated:

> Inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range.

*United States. v. Quiroga,* 554 F.3d 1150, 1155 (8th Cir. 2009); *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997) ("Where the conviction was entered on the basis of a guilty plea, the second part of the [Strickland] test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (quoting, *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985)). In this case, defendant has made no showing that absent the alleged deficiency in performance by counsel he would have failed to plead guilty and would have instead gone to trial. This claim is likewise denied.

c. Defendant contends he was entitled to the fast track 5K3.1 early disposition program. The court notes that defendant was not eligible for the fast track early disposition program. The only fast track program in Nebraska is for illegal-reentry offenses only. If, however, a defendant is being prosecuted for another offense, as in this case a drug offense, the defendant is not considered for this program. Accordingly, these claims are without merit.

d. Defendant contends his counsel failed to file an appeal or inform him of his appeal rights. The court conducted a hearing on this issue. During the hearing, attorney Igbokwe testified he has been a criminal defense attorney for 10 years, that he is licensed in Nebraska and Iowa, and he is admitted to practice in 8th, 9th, and 11th Circuits. Further, he attends continuing legal education every year. He was retained by Espinoza on a one count indictment for a methamphetamine conspiracy. Espinoza pled to count one. He stated he met with the defendant in Cass county jail in Plattsmouth approximately once a month, but here was a period of three months or so when he did not see him because nothing was happening on the case. His notes show that he or someone from his office met with Espinoza 11 times. The charge had a 10 year mandatory minimum. Espinoza was sentenced to 70 months, under the safety valve. Igbokwe said the plea was the best he could do under the circumstances. By phone, the defendant vaguely stated the attorney had not explained anything to him, but then stated that if what Igbokwe testified was true "that's fine, no harm done." Igbokwe also testified the government had provided discovery and Igbokwe obtained additional evidence from investigators and went over that evidence with the defendant several times as well as explaining sentencing guidelines and tables and the PSR. The court credits Igbokwe's testimony, the record supports it, and the court finds no ineffective assistance as to defendant's appeal rights.

Defendant has not shown that counsel's actions were deficient nor that there is a reasonable probability of a different outcome. The court finds the claim is inadequate on its face and the record affirmatively shows there is no ineffective assistance during the plea and sentencing phases of this case. Defendant pled guilty, he agreed he was guilty, he acknowledged the mandatory minimum sentence, and he received the safety valve reduction which saved him years of imprisonment. Accordingly, the court finds that the record is sufficient to dismiss defendant's claims.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Filing No. 79, is denied and is dismissed;

2. A separate judgment will be entered in conjunction with this memorandum and order.

Dated this 21st day of August, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge